UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 05-61908-CIV-ALTONAGA/Turnoff**

ROBERT SWEENEY,

    Plaintiff,

v.

KENNETH JENNE, as Sheriff of Broward
County, Florida; DEPUTY MICHAEL
GERBERT, individually, BRIAN RUPP;
and ELIZABETH RUPP,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Compel Discovery **[DE 27]**, filed on November 13, 2006. The Court has reviewed the written submissions, the record, and is otherwise duly advised in the premises.

Plaintiff sued the Broward County Sheriff's Office, Deputy Michael Gerbert, Brian Rupp,[1] and Elizabeth Rupp for false arrest, violation of civil rights, and malicious prosecution. Plaintiff alleged that he sustained injuries to his shoulder as a result of his arrest in connection with a violation of an injunction against him obtained by his neighbors.

Defendant, Elizabeth Rupp, is a trooper with the Florida Highway Patrol. She propounded Plaintiff Interrogatories on August 17, 2006, and Requests for Production on September 12, 2006. On October 12, 2006, Plaintiff filed his responses to discovery, several of which Defendant found to be inadequate or unsatisfactory. The interrogatories at issue are 1, 2, 5, and 6. The requests for production at issue are 4, 5, 8, 9, 12, 13, 14,

---

[1] On November 29, 2006, the Court entered a Joint Stipulation for Voluntary Dismissal Without Prejudice of Defendant Brian Rupp **[DE 32]**.

15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, and 29.  Upon failed attempts at resolving the matters, Defendant filed the instant Motion on November 13, 2006.  The Court notes that, as of the date of this Order, Plaintiff has not filed a response.

### I.     Interrogatories

Interrogatory No. 1 sought the name, address, telephone number, place of employment, and job title of any person having or claiming to have knowledge pertaining to any fact alleged in the pleadings.  Plaintiff provided the names and addresses of ten (10) individuals.  Defendant argued that no contact numbers were provided and that one of the addresses provided was a P.O. Box.

Interrogatory No. 2 sought the specific substance of the knowledge that the persons identified in Interrogatory No. 1 may have.  Plaintiff responded by providing a list of thirty-one (31) statements that those people identified in Interrogatory No. 1, collectively, purported to make about the Rupp Defendants.  Defendant argued that the answer was compound and that it failed to specify the nature and substance of the knowledge each individual possessed thus not allowing her to assess any future discovery needs.

Interrogatory No. 5 requested that Plaintiff state each item of damages claimed, including the count or defense to which it related, the category into which it fell, the factual basis therefor, and how each item of damages was computed.  Plaintiff responded that he had emotional distress, chronic pain in his shoulder from tendinitis, constant fear of being falsely arrested again, loss of enjoyment of living in his neighborhood, attorney's fees for the state case, extensive property damage, past and future medical costs, and installation of outdoor security system.  Defendant argued that Plaintiff failed to state specific dollar amounts and that there was no itemization of damages that would be sought at trial.

Case No. 05-61908-CIV-ALTONAGA/Turnoff

Interrogatory No. 6 sought identification of each document pertaining to each item of damages stated in Interrogatory No. 5.  Plaintiff referred Defendant to "all attachments in my Response to Request for Production filed simultaneously herewith."  Defendant argued that no documents were attached to the responses, which were dated October 12, 2006, and that no documents have been provided thus far.

**II.     Requests for Production**

With respect to requests for production Nos. 4, 5, 8, 9, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, and 29, Defendant represented that Plaintiff did not object to any of these requests and has yet to provide responsive documents.  Plaintiff's responses to the request for production indicated either that documents had been requested and would be made available upon receipt or that documents were available for inspection and copying at Plaintiff's counsel's office.  Defendant requested copies of the documents from Plaintiff but did not receive same.

Request No. 12 asked Plaintiff to produce his equity membership contract and any other papers evidencing his membership at the Ft. Lauderdale Country Club.  Plaintiff objected to this request as being irrelevant.  Defendant argued that it was relevant because, in Plaintiff's response to co-Defendants' first set of interrogatories, Plaintiff claimed "priceless" damages stemming from his periodic inability to enjoy his membership at the Ft. Lauderdale Club as a result of recurring shoulder pain.

Request No. 15 asked Plaintiff to provide copies of medical, therapy, counseling, and hospital bills, records, reports, notes, x-rays, test results of treatment or examination regarding his prostate cancer.  Plaintiff objected to this request as being irrelevant. Defendant argued that, because Plaintiff is seeking an undisclosed amount of damages

Case No. 05-61908-CIV-ALTONAGA/Turnoff

for injuries allegedly resulting from his arrest, Defendant needs such records to differentiate any injuries which Plaintiff may have had as a result of his prostate cancer.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Compel Discovery **[DE 27]** is **GRANTED** as follows:

I.  Plaintiff is to provide a more complete response to Interrogatory No. 1, including but not limited to providing contact numbers. Plaintiff is to provide a better, more detailed response to Interrogatory No. 2 regarding the substance of the knowledge claimed by each person listed in response to Interrogatory No. 1. Plaintiff is to provide a more complete response to Interrogatory No. 5, including but not limited to an itemization and computation of damages. Plaintiff is to provide the documents referenced in response to Interrogatory No. 6.

II. Plaintiff is to provide documents pursuant to Requests for Production Nos. 4, 5, 8, 9, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, and 29. If there are none, then same should be indicated. Plaintiff's relevancy objections to requests Nos. 12 and 15 are overruled. The information sought is relevant to Plaintiff's damages. Compliance by Plaintiff with this Order shall be forthwith.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 7th day of December 2006.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

Copies provided:
Honorable Cecilia M. Altonaga
Counsel of Record